UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                            Case Number: 18-14155-7

    EDWARD W. RUSCH

        Debtor.

---

    PAMELA HAGLUND,

                Plaintiff,
    v.                                                              Adversary Number: 19-20

    EDWARD W. RUSCH,

        Defendant.

---

## DECISION

Edward W. Rusch ("Defendant") filed a voluntary chapter 7 petition on December 17, 2018. Pamela Haglund ("Plaintiff") filed an adversary proceeding objecting to discharge and for determination of dischargeability on March 13, 2019. Defendant filed a pro se answer seeking to dismiss the adversary complaint on July 8, 2019.

### BACKGROUND

Defendant is the son of Norma Rusch ("Norma") and acted in the capacity of financial power of attorney for his mother. Norma passed away in 2013. Plaintiff is the Personal Representative of Norma's estate. The Defendant could not account for $240,927.70 belonging to Norma's estate. In October 2017, a Clark County Circuit Court Judge entered an order pursuant to a stipulation

1

between the parties ("Stipulation Judgment").[1] The Plaintiff was awarded $120,463.85. ECF no. 1, Ex. A.

The Plaintiff seeks a nondischargeability determination with respect to the Stipulation Judgment under 11 U.S.C. § 523(a)(4). The Plaintiff alleges that the Defendant knowingly and recklessly converted Norma's estate funds for his own purposes, in violation of his responsibilities under Wis. Stat. § 244.14.[2] ECF no. 1 at 2.

The Defendant's answer denies the Plaintiff's allegations of knowingly and recklessly converting Norma's estate funds for his own purposes. ECF no. 12. The Defendant moves to dismiss the complaint without any statutory citations. There are seven defenses that may be asserted in an answer or by motion served before an answer is due:

1. Lack of Subject-Matter Jurisdiction – 12(b)(1)
2. Lack of Personal Jurisdiction – 12(b)(2)
3. Improper Venue – 12(b)(3)
4. Insufficient Process – 12(b)(4)
5. Insufficient Service of Process – 12(b)(5)
6. Failure to State a Claim for Which Relief Can Be Granted – 12(b)(6)
7. Failure to Join a Party Under Rule 19 – 12(b)(7)

Fed. R. Bank. P. 7012(b), adopting Fed. R. Civ. P. 12(b)(1)-(7).[3] The Defendant appears to move for dismissal of the adversary under Federal Rule of

---

[1] Case No. 15PR73.

[2] An agent's duties are spelled out in Wis. Stat. § 244.14(1)-(2).

[3] The Court will not address each possible defense as only one subsection of Rule 12(b) appears to apply to the Defendant's answer. For ease of reference, citations will refer to the provisions of Fed. R. Civ. P. 12(b).

Bankruptcy Procedure 7012(b), adopting Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

<u>The Complaint States a Claim Sufficient to Defeat a Motion to Dismiss</u>.

A defense to a complaint is that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint attacked by a Rule 12(b)(6) motion need not include detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But a plaintiff must provide more than labels and conclusions. *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard asks for more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* There are two "working principles" the Supreme Court has set forth in analyzing motions to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the

3

> reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (citations omitted).

Section 523(a)(4) provides that a discharge does not apply to any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Here, the complaint satisfies the requirements to survive a Rule 12(b)(6) motion to dismiss. It contains detailed factual allegations with an attached exhibit of the Stipulation Judgment. The complaint does more than just recite legal conclusions.

When considering a motion to dismiss under Rule 12(b)(6), the Court presumes that all well-pleaded allegations are true, views all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009). Viewing all doubts and inferences in favor of the Plaintiff, the allegations are sufficient for the Court to conclude the complaint states a plausible claim that the Plaintiff is entitled to relief.

The complaint alleges the Defendant knowingly engaged in fraudulent misconduct while owing a fiduciary duty to Norma and her estate. Accepting these facts as true, it is facially plausible the Stipulation Judgment could be held nondischargeable under section 524(a)(4). Although the facts taken as true do state a plausible claim that the Plaintiff is entitled to relief, that does

4

not mean the Defendant will not have an opportunity to present defenses. Defendant will have the opportunity to contest these facts at trial.

### CONCLUSION

For these reasons, the Court denies the Defendant's motion to dismiss the adversary. The complaint is facially plausible. It rises above mere speculation. It states a claim upon which relief can be granted.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: August 9, 2019

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge